IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY P. PITTMAN, | ) |
|         Plaintiff, | ) |
|     v. | ) Civil Action No. 05-1676 |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF<br>SOCIAL SECURITY, | ) |
|         Defendant. | ) |

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 4/3 day of January, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for disability benefits on January 9, 2003, alleging a disability onset date of September 18, 2002, due to an enlarged heart, chest pain, a hyper-extended lung, asthma, chronic obstructive pulmonary disease (COPD) and high blood pressure. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on June 23, 2004, at which plaintiff, represented by counsel, appeared and testified. On November 19, 2004, the ALJ issued a decision finding that plaintiff is not disabled. On October 4, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education and past relevant work experience as a landscape laborer and a foxgrinder, but he has not engaged in any substantial gainful activity since his alleged onset date. The ALJ found that plaintiff met the disability insured status requirements of the Title II on his alleged onset date and that he is insured for benefits through the date of the ALJ's decision.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of asthma, apnea, obesity and status post knee surgeries, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at 20 C.F.R., Appendix 1.

The ALJ also found that, although plaintiff cannot perform his past relevant work, he retains the residual functional capacity to engage in a significant range of sedentary work with certain restrictions recognizing the limiting effects of his impairments.[1] A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including lock assembler, lens inserter, closed circuit security monitor, gate guard, and production inspector, checker and examiner.

Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which

---

[1] The ALJ found that plaintiff "can lift/carry up to 10 pounds occasionally and small objects . . . frequently, sit for 6 hours in an 8 hour work day and stand/walk for 2 hours in an 8 hour work day. His ability to perform the full range of sedentary work is severely compromised by significant non-exertional limitations . . . he should not be exposed to extremes of temperature, wetness or humidity, and little or no exposure to fumes or odors. Also . . . he should not climb, kneel, crouch, crawl or balance." (R. 35).

exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises a number of challenges to the ALJ's findings: (1) that the ALJ improperly analyzed the medical

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

evidence; (2) that the Appeals Council improperly disregarded a medical report from a treating physician submitted after the date of the ALJ's decision; (3) that the ALJ improperly determined that plaintiff retains the residual functional capacity for a limited range of sedentary work; and, (4) that the ALJ improperly relied upon the vocational expert's response to an incomplete and inaccurate hypothetical. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first challenge to the ALJ's finding of not disabled is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ improperly evaluated two written opinions from plaintiff's treating physician, Dr. Mlakar, which suggest that plaintiff is disabled. (R. 178; 211). Upon review of the record, the court is satisfied that the ALJ properly evaluated these reports under the appropriate standards.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to

controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his assessment of that evidence. (R. 24-32). In particular, he specifically addressed both reports from Dr. Mlakar. First, the ALJ expressly considered an employability assessment form dated August 25, 2003, filled out by Dr. Mlakar for plaintiff in connection with his application for state public assistance, in which Dr. Mlakar indicated that plaintiff was "temporarily disabled" from September of 2002 to August 25, 2004. (R. 211). However, the ALJ determined that this opinion, which consisted merely of a check mark in a form box, was not supported by Dr. Mlakar's clinic notes and was inconsistent with Dr. Mlakar's subsequent November 13, 2003, assessment. (R. 32).

The court finds no error in the ALJ's treatment of Dr. Mlakar's August 25, 2003, assessment. First, to the extent Dr. Mlakar opined that plaintiff was "temporarily disabled", the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §404.1527(e); SSR 96-5p. Here, based upon his review of the entire record, including plaintiff's medical records and plaintiff's testimony and reported daily activities, the ALJ

concluded that plaintiff's impairments, while severe, do not preclude him from performing any substantial gainful activity.

Moreover, as the ALJ discussed, the opinion of Dr. Mlakar indicating that plaintiff is disabled is inconsistent with the clinical and objective medical evidence of record, including Dr. Mlakar's office notes as well as her subsequent assessment in November of 2003. Thus, because the opinion of temporary disability rendered by Dr. Mlakar in August of 2003 was not supported by the objective medical evidence and was inconsistent with other substantial evidence in the record, the ALJ did not err in not giving that opinion any significant weight. 20 C.F.R. §404.1527(d); SSR 96-2p.

The court also finds unpersuasive plaintiff's argument that the ALJ misinterpreted Dr. Mlakar's November 13, 2003, assessment in regard to plaintiff's ability to sit during an 8-hour workday. On that assessment form, the medical source is asked to state the claimant's exertional limitations, including any limitations in regard to sitting. Three options are provided whereby the medical source is to assess whether the claimant could sit: (1) less than 6 hours in an 8-hour workday; (2) about 6 hours in an 8 hour workday; or, (3) must periodically alternate sitting and standing. In this case, Dr. Mlakar left this section blank, checking none of the three boxes. (R. 179).

Plaintiff contends that the ALJ erred in interpreting Dr. Mlakar's silence as supporting the ALJ's residual functional capacity finding that plaintiff could sit for 6 hours in an 8-hour

workday. The court disagrees with plaintiff for two reasons.

First, there is nothing in any of Dr. Mlakar's records or the objective medical findings which would support a finding that plaintiff is unable to sit for at least 6 hours in an 8-hour workday. To the contrary, the medical records suggest that plaintiff's impairments do not cause any significant limitations in his ability to sit. Accordingly, it would not be unreasonable to interpret Dr. Mlakar's failure to address the sitting section to mean that plaintiff has no limitations in that area.[3] Instead, based on the medical records as a whole, it would be unreasonable to interpret Dr. Mlakar's silence to suggest that plaintiff can sit for less than 6 hours. If Dr. Mlakar believed that plaintiff could not sit for 6 hours, there was a box to check providing for that option, and her failure to do so more strongly suggests that she did not believe plaintiff was restricted in his ability to sit.

Second, contrary to plaintiff's assertion that this case should be remanded because there is no evidence in the record, apart from Dr. Mlakar's failure to check a box, regarding plaintiff's ability to sit, there is an assessment form completed

---

[3] In addition, although plaintiff's position is that the ALJ construed Dr. Mlakar's silence to mean plaintiff has no limitations in regard to sitting, the ALJ's residual functional capacity finding actually does limit plaintiff to sitting 6 out of 8 hours, and the ALJ's hypothetical to the vocational expert further allowed for the individual to get up for a few minutes every hour and stretch their legs and even walk around in the near vicinity of their work station (R. 250), further accommodating any possible limitations arising from plaintiff's impairments in regard to sitting.

by the state agency physician which expressly found that plaintiff could sit about 6 hours in an 8-hour workday. (R. 168). This evidence, supported by the objective medical evidence of record, constitutes additional substantial evidence supporting the ALJ's finding in regard to plaintiff's sitting ability.

It also is important to emphasize that the ALJ clearly did not ignore the medical source evidence from Dr. Mlakar altogether. To the contrary, the ALJ expressly noted that he essentially agreed with Dr. Mlakar's November 13, 2003, assessment and he incorporated into his residual functional capacity finding those specific limitations set forth in Dr. Mlakar's report to the extent such limitations were supported by the objective medical findings of record.

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his opinion and more than adequately explained his reasons for the weight he accorded to the respective reports and opinions. (R. 24-32). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff next contends that the Appeals Council improperly rejected a physical capacity evaluation from another treating physician, Dr. Balistrino, dated December 13, 2004, which indicated that plaintiff could not sit more than 2 hours in an 8 hour workday. (R. 217-219). However, this court has no authority to review the actions of the Appeals Council in denying review.

As the Third Circuit Court of Appeals explained in Mathews v. Apfel, 239 F.3d 589 (3d Cir. 2001), the standards for judicial review are governed by the Social Security Act. Pursuant to §405(g), a claimant unsuccessful in the administrative process may seek judicial review of the final decision of the Commissioner denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision that the court is to review. Id. at 592. As the court explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council's decision to deny review." Id. at 594.

Here, plaintiff is asking this court to review the Appeals Council's decision to deny review, which this court has no statutory authority to do. Rather, it is the ALJ's decision, the final decision of the Commissioner, that is before the court for judicial review. As Dr. Balistrino's report was not presented to the ALJ, it may not be considered by this court in conducting its substantial evidence review. Matthews v. Apfel, 239 F.3d 589, 594-95 (3d Cir. 2001).

The court also finds that a remand to the Commissioner pursuant to Sentence 6 of §405(g) for consideration of this report would not be appropriate in this case because plaintiff has failed to show that the evidence is new, i.e., could not have been presented at the prior administrative proceedings, or material, and has failed to show good cause for not generating this report

in time to put before the ALJ. <u>Matthews</u>, 239 F.3d at 594; <u>Szubak v. Secretary of Health & Human Services</u>, 745 F.2d 831, 833 (3d Cir. 1984).

Although plaintiff in his reply attempts to establish cause by asserting that Dr. Balistrino's report could not have been presented to the ALJ prior to the ALJ's adverse decision on November 19, 2004, because it did not exist until December 13, 2004, such an allegation is insufficient to show good cause. Rather, plaintiff must explain why the report could not have been obtained prior to the adverse decision. See <u>Matthews</u>, 239 F.3d at 595.

Here, plaintiff has not done so. Plaintiff asserts that Dr. Balistrino was her treating physician "during this time period" but does not offer any date as to when Dr. Balistrino started treating him nor has he provided any office notes or any other evidence from Dr. Balistrino, apart from the physical capacity evaluation itself. The evaluation is unaccompanied by any objective findings and, in fact, it cannot be gleaned from the evaluation form whether Dr. Balistrino even examined plaintiff. Under these circumstances, a remand for consideration of Dr. Balistrino's report would not be warranted, as plaintiff has failed to show good cause for not obtaining it prior to the ALJ's adverse decision.

Plaintiff's next argument is that the ALJ improperly determined that plaintiff retains the residual functional capacity for a limited range of sedentary work. However, the ALJ's

residual functional capacity finding is supported by the medical evidence and is consistent with plaintiff's testimony as to his daily activities and self-reported limitations. As already discussed, in rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence and, giving plaintiff the benefit of any possible doubt, incorporated those limitations that reasonably could be supported by the medical evidence. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

Plaintiff's final challenge to the ALJ's step 5 finding is that the ALJ improperly relied upon the vocational expert's response to a hypothetical which incorporated only the limitations set forth in the ALJ's residual functional capacity finding. (R. 248-49). Plaintiff argues that the ALJ's residual functional capacity finding did not adequately account for all of plaintiff's limitations and conditions supported by the record and that the ALJ instead should have relied upon the vocational expert's response to a different hypothetical incorporating an additional limitation which would require plaintiff to be off task for an unscheduled 30 minute nap during the workday, to which the vocational expert responded plaintiff would not be able to perform any jobs. (R. 251).

However, the additional limitation asserted by plaintiff's counsel is not supported by the medical evidence of record. As a hypothetical to the vocational expert must reflect all of the

claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence.)

Instead, the ALJ properly relied upon the testimony of the vocational expert in response to a hypothetical which did incorporate all limitations actually supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc:  Christine M. Nebel, Esq.
     220 South Washington Street
     Butler, PA 16001

     Jessica Smolar
     Assistant U.S. Attorney
     U.S. Post Office & Courthouse
     700 Grant Street, Suite 4000
     Pittsburgh, PA 15219